UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PICARD RICHARDSON (A-210-193-011), | No. 1:26-cv-1483 DAD CSK |
| Petitioner, | |
| v. | ORDER AND |
| WARDEN, California City Correctional Facility, et al., | FINDINGS AND RECOMMENDATIONS |
| Respondents. | |

Petitioner Picard Richardson (A-210-193-011), a native and citizen of Haiti who is proceeding without counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner was initially admitted into the United States in March 2010 as a nonimmigrant visitor with authorization to remain until September 23, 2010, and petitioner remained beyond that date without authorization. In February 2025, petitioner was detained after he completed a criminal sentence. In his pro se habeas petition, petitioner challenges his prolonged detention without a hearing. For the reasons that follow, the Court recommends that the petition for writ of habeas corpus be denied.

///

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.    FACTUAL BACKGROUND

Petitioner is a citizen and native of Haiti.  (ECF No. 1 at ¶ 23.)  On or around March 24, 2010, after a major earthquake during which his family was killed, petitioner, age 14 at the time, was admitted to the United States as a nonimmigrant visitor for pleasure (B2) with authorization to remain until September 23, 2010.  (Id., ECF No. 8-2 at 1.)  Petitioner remained beyond September 23, 2010, without authorization.  (ECF No. 8 at 2, 8-1 at 1.)  The U.S. Immigration and Customs Enforcement ("ICE") agency placed a detainer on petitioner on August 13, 2024, after encountering petitioner at the Brevard County Jail.  (ECF No. 8-2 at 2.)  On August 13, 2024, petitioner was charged as removable pursuant to 8 U.S.C. § 1227(a)(1)(B) for having remained in the United States for a time longer than permitted.  (ECF No. 8 at 2; 8-1 at 1 (Notice to Appear).)  Petitioner was not served with the Notice to Appear until February 25, 2025, when he was taken into custody by ICE after petitioner completed his criminal sentence.  (ECF Nos. 8 at 2, 8-1 at 2.)

On January 14, 2026, petitioner's request for custody redetermination under C.F.R. § 1236 was heard by an immigration judge.  (ECF No. 8-3 at 1.)  The immigration judge denied petitioner's request because:

> [d]anger and flight risk.  Convicted of possession controlled substance in [Florida].  Off sentence February 2025.  Convicted of battery in 2023.  Pending dangerous firearm charge.  Three failures to appear on [petitioner's] rap sheet.

(ECF No. 8-3 at 1-2.)  Petitioner did not file an appeal with the Board of Immigration Appeals ("BIA").  (ECF No. 8-5 at 1-3.)

According to the government's official Executive Office for Immigration Review Automated Case Information website, on April 1, 2026, an immigration judge ordered petitioner's removal.[2]  See https://acis.eoir.justice.gov/en.

---

[2]  The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  The Executive Office for Immigration Review ("EOIR") adjudicates immigration cases, and the EOIR Automated Case Information website is an official website of the United States Government.  The address of this official website is https://acis.eoir.justice.gov/en/.

Petitioner is being detained pending removal proceedings under 8 U.S.C. § 1226(a). (ECF No. 8 at 2.) He has been in continuous detention since February 25, 2025. (ECF No. 1 at 5.)

## II. PROCEDURAL BACKGROUND

On February 20, 2026, petitioner filed his pro se petition for writ of habeas corpus. (ECF No. 1.) On March 10, 2026, respondents timely filed a motion to dismiss and response to the petition. (ECF No. 8.) On March 30, 2026, petitioner filed a traverse, which was mailed on March 25, 2026. Although petitioner's filing was untimely, even given the benefit of the mailbox rule, the Court will consider petitioner's traverse. Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges his ongoing prolonged detention based on the violation of the Fifth Amendment due process clause. (ECF No. 1 at 16-17.) In their motion, respondents state that petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a), but argue the petition should be denied because petitioner failed to exhaust his administrative remedies. (ECF No. 8 at 1.) Respondents contend petitioner

received a bond hearing, but chose not to appeal the immigration judge's order to the BIA. (ECF No. 8 at 3 (citing ECF No. 8-5 at 1-3 (BIA Automated Case Info).) Respondents argue that petitioner was provided a meaningful opportunity to be heard at the January 2026 hearing before an immigration judge, and petitioner may not challenge that discretionary decision by asking this court to reweigh the evidence. (Id. at 4.) Respondents do not address petitioner's contention that he has been subject to prolonged detention. (Id., passim.)

### A.    Statutory Basis for Detention

8 U.S.C. § 1226 governs the arrest, detention, and release of noncitizens like petitioner who are in removal proceedings. 8 U.S.C. § 1226; see also Demore v. Kim, 538 U.S. 510, 530 (2003). Under § 1226(a), the Department of Homeland Security ("DHS") has discretionary authority to detain a noncitizen, release them on bond, or release them on conditional parole pending removal proceedings. This discretionary authority does not apply to noncitizens who fall within the criminal categories described in § 1226(c), for whom detention is mandatory.

When a noncitizen is taken into immigration custody under § 1226(a), ICE makes an initial custody determination, which may include setting bond. 8 C.F.R. § 236.1(c)(8). A detainee may then request a bond redetermination hearing before an immigration judge. 8 C.F.R. § 236.1(d)(1). At that hearing, the detainee bears the burden of demonstrating to the immigration judge that the detainee warrants release on bond. See In re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006). The immigration judge must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." Id. (citing Matter of Patel, 15 I. & N. Dec. 666 (BIA 1976)). The immigration judge may also weigh other discretionary factors. Id.

If the immigration judge denies bond, the detainee may appeal to the BIA. 8 C.F.R. § 236.1(d)(3). If the BIA affirms, the detainee may seek habeas relief in federal district court. Leonardo v. Crawford, 646 F.3d 1157, 1159-61 (9th Cir. 2011). While district courts have jurisdiction to review bond determinations for constitutional error, Rodriguez Diaz v. Garland, 53 F.4th 1189, 1209 (9th Cir. 2022), district courts may not review discretionary judgments regarding the detention and release of noncitizens in removal proceedings under § 1226(a).

8 U.S.C. § 1226(e).

Further, an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances.  See 8 C.F.R. § 1003.19(e).

### B.    Exhaustion

Respondents point out that although petitioner did not mention the bond hearing in his petition, petitioner received a bond redetermination hearing after his detention, and petitioner did not appeal the immigration judge's decision.  (ECF No. 8 at 3.)  While recognizing that exhaustion is prudential, respondents argue that exhaustion should not be waived because agency expertise is helpful and provides a proper record, failure to require exhaustion would encourage detainees to bypass administrative procedures; and it would allow the agency to correct any mistakes and avoid the need for judicial review.  (Id. (citing Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017)).)  Respondents contend that the Court should either stay the proceedings or dismiss the petition without prejudice to allow petitioner to exhaust available processes.  (Id. (also citing Coke v. Scott, 2025 WL 2108711, at *5 (W.D. Wash. June 18, 2025)).)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus."  Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004).  However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241."  Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).  Because exhaustion is not required by statute, it is not jurisdictional.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)).  If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."  Id.  "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude

5

the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

Based on review of the record, it appears that requiring exhaustion might be futile. Regardless, it is clear from the record that petitioner is not entitled to habeas relief at this time. Therefore, this Court will address the merits of the petition and recommend that respondents' motion to dismiss the petition on exhaustion grounds be denied as unnecessary.

### C.    Petitioner Received Process

Petitioner received a post-deprivation hearing before an immigration judge on January 14, 2026, where he had the opportunity to demonstrate that he did not pose a danger to the community or a flight risk, and the immigration judge denied petitioner's request finding petitioner posed a danger and a flight risk. (ECF No. 8-3 at 1.) Petitioner did not appeal that decision to the BIA. Thus, petitioner was provided due process in connection with his February 25, 2025 detention, and no further process is required in connection therewith.

### D.    Prolonged Detention

Petitioner asserts that his prolonged detention is unconstitutional. (ECF No. 1 at 6-7 (citing Zadvydas, 533 U.S. at 690, and Demore, 538 U.S. at 523).) Zadvydas involved a challenge to prolonged detention under § 1231(a)(6) by noncitizens who "had been ordered removed by the government and all administrative and judicial review was exhausted, but their removal could not be effectuated because their designated countries either refused to accept them or the United States lacked a repatriation treaty with the receiving country." Prieto-Romero v. Clark, 534 F.3d 1058, 1062 (9th Cir. 2008) (citing Zadvydas, 533 U.S. at 684-86). The Supreme Court held that § 1231(a)(6) does not authorize indefinite detention and "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689. Thus, after a presumptively reasonable

6

detention period of six months, a noncitizen was entitled to release if "it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701.

Petitioner's case is distinguishable from Zadvydas because petitioner's detention is authorized by § 1226(a) rather than § 1231(a)(6). Petitioner was ordered removed on April 1, 2026, but his appeal of the removal order is not due until May 1, 2026, and thus the order of removal is not yet final. Additionally, unlike the detainees in Zadvydas, petitioner "is not stuck in a 'removable-but-unremovable limbo'" and petitioner does not allege that his receiving country lacks a repatriation treaty with the United States or will refuse to accept him in the event petitioner is unsuccessful in any challenge to the removal proceedings. Prieto–Romero, 534 F.3d at 1063. Petitioner's "detention lacks a certain end date, but this uncertainty alone does not render his detention indefinite in the sense the Supreme Court found constitutionally problematic in Zadvydas." Id.

Demore concerned § 1226(c), which proscribes mandatory detention for noncitizens convicted of certain crimes. Demore, 538 U.S. at 513. In Demore, the Supreme Court upheld its "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." Id. at 526. The Supreme Court distinguished Zadvydas by emphasizing that mandatory detention under § 1226(c) has "a definite termination point" and "in the majority of cases it lasts for less than the 90 days . . . considered presumptively valid in Zadvydas." Id. at 529. Here, petitioner asserts that "detention without a bond hearing is unconstitutional when it exceeds six months." (ECF No. 1 at 8 ¶ 27 (citing Demore, 538 U.S. at 529-30)).) But petitioner is not being subjected to mandatory detention under § 1226(c), so Demore does not apply.

Here, petitioner was provided a custody redetermination hearing on January 14, 2026 by an immigration judge who determined petitioner posed a danger and flight risk. Because petitioner received adequate procedural protections through this hearing, petitioner is not entitled to habeas relief with respect to his prolonged detention claim. Petitioner did not include any allegations identifying an error of law or challenging the constitutionality of the January 14, 2026 hearing; indeed, petitioner did not mention the hearing at all in his petition. (ECF No. 1, passim.)

In his traverse, petitioner argues that the immigration judge's decision was wrong because petitioner is not a danger to the community or a flight risk. (ECF No. 11 at 3-5.) But petitioner's disagreement with the immigration judge's decision does not demonstrate a constitutional violation. As respondents point out: "[D]iscretionary decisions granting or denying bond are not subject to judicial review," and "a district court may not second guess the [immigration judge's] weighing of the evidence." (ECF No. 8 at 4 (quoting Prieto-Romero, 534 F.3d at 1058, and Quan v. Barr, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021)).)

Further, because petitioner is subject to detention under § 1226(a), his claim is foreclosed by Rodriguez Diaz, 53 F.4th at 1203. In Rodriguez Diaz, the Ninth Circuit held that the Due Process Clause does not require the government to hold a second bond hearing at which the government bears the burden of proof by clear and convincing evidence. Id. Nevertheless, petitioner may request another bond hearing before an immigration judge based on a material change of circumstances. See id. at 1222 (Wardlaw, J., dissenting) (citing 8 C.F.R. § 1003.19(e)).

**V.      RESPONDENTS' MOTION TO DISMISS**

As discussed above, respondents' motion to dismiss the petition on exhaustion grounds should be denied as unnecessary. Because respondents did not specifically address petitioner's main contention that his prolonged detention violates his constitutional rights, the Court recommends that respondents' motion to dismiss (ECF No. 8) be denied.

**VI.     MOTIONS FOR APPOINTMENT OF COUNSEL**

On February 20, 2026, petitioner filed a pro se motion for appointment of counsel. (ECF No. 3.) On March 3, 2026, this Court deferred consideration of petitioner's motion for appointment of counsel. (ECF No. 6.) On March 18, 2026, the Office of the Federal Defender filed an amicus motion asking the Court to consider appointing counsel for petitioner. (ECF No. 10.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In light of these findings and recommendations, the motions for appointment of counsel are denied without prejudice.

**VII.    CONCLUSION**

In summary, the Court recommends that respondents' motion to dismiss (ECF No. 8) be denied, and the petition for writ of habeas corpus (ECF No. 1) be denied.

Accordingly, IT IS HEREBY ORDERED that the motions for appointment of counsel (ECF Nos. 3, 10) are denied.

Further, IT IS RECOMMENDED that:

1.  Respondents' motion to dismiss (ECF No. 8) be DENIED.

2.  The petition for writ of habeas corpus (ECF No. 1) be DENIED.

3.  The Clerk of the Court be directed to enter judgment for respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 20, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/rich1483.157.imm.bond